## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL DALY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case. No. |
| v. | **NOTICE OF REMOVAL** |
| WHOLE FOODS MARKET GROUP, INC., | |
| Defendant. | |

## DEFENDANT WHOLE FOODS MARKET GROUP, INC.'S
## <u>NOTICE OF REMOVAL OF ACTION</u>

Defendant Whole Foods Market Group, Inc. ("WFM Group"), by and through its undersigned counsel, hereby removes the above-captioned action, entitled *Michael Daly v. Whole Foods Market Group, Inc.*, Case No. 2023CH02149, from the Circuit Court for Cook County, Illinois Chancery Division to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a). In the alternative, removal is warranted under 28 U.S.C. § 1453 because this is a putative class action with minimal diversity and an amount in controversy that exceeds the sum or value of $5,000,000, exclusive of interests and costs. The following is a short, plain statement of the grounds for removal provided pursuant to 28 U.S.C. § 1446(a).

## I.       DESCRIPTION OF THE ACTION

1.       On March 3, 2023, Michael Daly ("Plaintiff") filed a Class Action Complaint, on behalf of himself and a putative class of all persons in the United States, or alternatively all persons within the State of Illinois, in the Circuit Court for Cook County, Illinois Chancery Division, Case No. 2023CH02149 (the "State Court Action").  A copy of the Complaint is attached as part of **Exhibit 1**.  The Complaint alleges that WFM Group: (1) engages in deceptive advertising by selling 365 by Whole Foods Market Tilapia Fillets ("365 Tilapia") in packages containing less than the advertised amount of fish; (2) intentionally misrepresents the amount of fish contained in each package of 365 Tilapia; and (3) has been unjustly enriched by the alleged misrepresentation.

2.       Specifically, Plaintiff alleges that WFM Group manufactures, advertises, markets and sells frozen tilapia filets in bags stating that each package contains 907 grams of fish product.  *See* Complaint, ¶¶5, 13.  Plaintiff alleges WFM Group short weighted the fish fillets by overglazing them in ice in order to sell the fish at a weight higher than the amount of fish actually delivered.  *Id.*, ¶¶11-16.  Plaintiff contends he, and consumers like him, were injured because they were overcharged and deprived of the 907 grams of fish fillets promised in each bag.  *Id.,* ¶¶21-24.

3.       Based on these and similar allegations, Plaintiff asserts claims for: (1) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (the "ILCFA"); (2) common law fraud; and (3) unjust enrichment.  Plaintiff seeks injunctive relief, monetary damages, including statutory and/or punitive damages, interest, costs, expenses and reasonable attorneys, and any further relief the Court deems just and proper.  *See* Complaint, ¶¶42, 48, 53.  Plaintiff seeks this relief on behalf of himself and putative classes of all persons in the United States who purchased 365 Tilapia within the last five years or, in the alternative, all persons within the State of Illinois who purchased 365 Tilapia within the last five years.  *Id.*, ¶¶29-30.

4.     As set forth more fully below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d), and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1453 and 1446.

## II.     NOTICE OF REMOVAL IS TIMELY

5.     Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

6.     WFM Group is the only named defendant in Plaintiff's Complaint.  On March 22, 2023, Plaintiff served his Complaint on WFM Group through its agent for service of process in Chicago, Illinois.  *See* Service of Process Transmittal Summary attached as part of **Exhibit 1**. As of the filing of WFM Group's Notice of Removal, Plaintiff has not filed an Affidavit of Service or Return of Summons in the State Court Action.  *See* Case Docket attached as part of **Exhibit 2**.

7.     Thus, WFM Group's Notice of Removal is timely under 28 U.S.C. § 1441(b)(1) because this Notice of Removal is filed within thirty (30) days after WFM Group was served with Plaintiff's Complaint.

8.     The Circuit Court of Cook County, Illinois is located within the Northern District of Illinois.  Venue, therefore, is proper within the Northern District of Illinois pursuant to 28 U.S.C. § 93 and 28 U.S.C. § 1441 because that is the district and division embracing the place where such action is pending.

9.     No previous application has been made for the relief requested herein.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

10.     Under the provisions of 28 U.S.C. § 1332, this Court has original jurisdiction over this case and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441, 1453 and 1446.

11.     Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States …" 28 U.S.C. § 1332(a)(1).  Further, pursuant to 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant …" 28 U.S.C. § 1332(d)(2).

#### A.     Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

12.     As detailed below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Illinois (Complaint, ¶¶2, 7), WFM Group is a citizen of Delaware and Texas (Complaint, ¶3), and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]  *See* 28 U.S.C. § 1332(a)(1); *see also Fernandez v. Kerry, Inc.*, No. 17-cv-8971, 2020 WL 1820521, at *3 (N.D. Ill. Apr. 10, 2020).

13.     Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C § 1441(a).  Since this Court has "original

---

[1] WFM Group relies upon the Plaintiff's allegations solely for purposes of assessing eligibility for removal based on diversity and CAFA jurisdiction, 28 U.S.C. § 1332(a) and (d). WFM Group reserves all rights to challenge these allegations for all other purposes, including, but not limited to, denying that the putative classes are properly defined, that the Plaintiff has standing to assert claims on behalf of the alleged putative classes, and that the claims in this case are proper for class treatment.

jurisdiction" over this action under 28 U.S.C. § 1332(a), this case may be removed pursuant to 28 U.S.C. § 1441.

14.    The provisions of 28 U.S.C. § 1441(b)(2) barring removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" does not prevent removal of this action because WFM Group, the only named defendant in this case, is not a citizen of Illinois.  *See* Complaint, ¶3.

### 1.    Complete Diversity of Citizenship Exists Between the Parties.

15.    "Diversity jurisdiction in a class action depends solely on the citizenship of the named parties."  *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014), citing *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant.").  Plaintiff Daly and WFM Group are the only named parties.

16.    Plaintiff Daly alleges that he is an individual, who at all relevant times, resided in Lemont, Illinois and purchased his 365 Tilapia in January 2023 from a Whole Foods Market store located in Orland Park, Illinois.  *See* Complaint, ¶¶2, 7.

17.    Plaintiff Daly has filed several other actions in Illinois State Court brought by the same attorney over the last several years.  Mr. Daly alleges in those actions that he is a resident of Lemont or Chicago, Illinois, evidencing his continued residence in Illinois for several years. *See Daly v. Purity Cosmetics, Inc.,* Cook County Illinois, Case No. 2022CH00114; *Daly v. Snack It Forward LLC,* Cook County Illinois, Case No. 2021CH04869; *Daly v. Unilever United States, Inc., et al.,* Northern District of Illinois, Case No. 1:23-cv-00203; and *Daly v. Now Health Group Inc.*, Northern District of Illinois, Case No. 23-cv-01626 (Complaints attached as **Exhibit 3**).

18.    The Seventh Circuit has explained that an individual is typically domiciled and therefore a citizen of the state where they reside.  *See*, *Page v. Democratic National Committee,*

2 F.4th 630, 635 (7th Cir. 2021).  Moreover, Mr. Daly does not fall within any of the categories of litigants this Court has recognized who do not reside where they are domiciled, e.g., military personnel, prisoners, or out-of-state students.  *See Strabala v. Zhang*, 318 F.R.D. 81, 103 (N.D. Ill. 2016) (quoting Wright & Miller, 13E FED. PRAC. & PROC. JURIS., § 3612 (3d ed.)) ("certain classes of litigants who do not reside where they are domiciled but nonetheless maintain their domiciles despite protracted periods of residence elsewhere,' including, for example military personnel, prisoners, out-of-state students, and governmental or organizational officials.").

19.     Thus, based on Plaintiff's alleged residence and defense counsel's investigation, WFM Group alleges that Mr. Daly is a citizen of Illinois.

20.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business …"  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).  Plaintiff correctly alleges in his Complaint that WFM Group "is a Delaware Corporation, whose principal place of business is located in Austin, Texas."  *See* Complaint, ¶3. Thus, WFM Group is a citizen of Delaware and Texas.  WFM Group is not now, and was not at the time Plaintiff's Complaint was filed, a citizen of the State of Illinois.

## 2.     The Amount in Controversy Requirement Is Satisfied for Purposes of Diversity Jurisdiction.

21.     Under 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

22.     Section 1446(a) requires a defendant include "a short and plain statement of the grounds for removal in its notice of removal.  *See* 28 U.S.C. § 1446(a).  "[B]orrowing the

familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, the United States Supreme Court has explained that Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)) (internal quotation marks omitted). The Supreme Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id*. at 83–84. In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'" *Dart*, 574 U.S. at 86, quoting *Ellenburg*, 519 F.3d at 200.[2]

23.  The general federal rule is that the complaint itself determines the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). If plaintiff has not alleged a specific damages amount, however, a removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement is met. *See, e.g., Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (2006) (proponent of jurisdiction has burden of "showing by a preponderance of the evidence facts that suggest the amount-in-controversy

---

[2] Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 574 U.S. at 89. If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *Id.* at 89 ("Evidence establishing the amount *is required* . . . when . . . the court questions[] the defendant's allegation.") (emphasis added). Thus, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g., Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

requirement is met."). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

24.     This Court may consider the costs of injunctive relief when calculating the amount in controversy. *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (explaining that "the costs a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry.") "[A]ttorneys' fees up to the time of removal also count toward the jurisdictional amount [], and an award of fees is properly considered in addition to compensatory damages and some degree of disgorgement." *Oshana*, 472 F.3d at 512 (internal citations omitted). Finally, plaintiff's request for punitive damages may also be considered. *Id.*

25.     Plaintiff brings this action on behalf of himself and putative classes of nationwide consumers, or alternatively Illinois consumers, who purchased 365 Tilapia within the last five years. *See* Complaint, ¶¶29-30. Plaintiff alleges three separate claims for violation of the ILCFA, fraud and unjust enrichment. *Id.*, ¶¶34-53. He seeks, among other things, monetary and punitive damages, and an award of costs and reasonable attorney fees. *Id.*, ¶¶42, 48 & 53. Plaintiff also seeks injunctive relief requiring WFM Group to correct the alleged deception. *Id.* Based on Plaintiff's allegations, this presumably would require discontinuing the current product and developing new packaging.

26.     Given the nature of Plaintiff's claims and requested relief, it is more likely than not that the amount in controversy, as it relates to Plaintiff Daly's individual claims, exceeds $75,000.00.

**B.     CAFA Jurisdiction Under 28 U.S.C. § 1332(d)**

27.     As detailed below, this action also may be removed to this Court pursuant to 28 U.S.C. § 1332(d) because this case qualifies as a "class action," the defendant is not a state, state official nor governmental entity, minimal diversity exists between the parties, and the aggregate amount placed in controversy by the claims of Plaintiff and his putative classes exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

28.     Under 28 U.S.C. § 1453(b), "a class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitations under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."

**1.      The Action Qualifies as a "Class Action" under CAFA**

29.     CAFA defines the term "class action" to mean "any action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff filed this action under Section 2-801 of the Illinois Code of Civil Procedure, which allows "for the maintenance of a class action" when the alleged "class is so numerous that joinder of all members is impracticable"; "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "[t]he representative parties will fairly and adequately protect the interest of the class"; and "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(1)-(4); Complaint, ¶¶29-33.  The requirements for class certification under Section 2-801 parallel those of Federal Rule of Civil Procedure 23.  *Compare*, 735 ILCS 5/2-801 with Fed. R. Civ. P. 23.

30.     CAFA jurisdiction, however, is limited to class actions where the primary defendants are not States, State officials or other governmental entity, and the number of members of all proposed plaintiff classes in the aggregate is 100 or more.  *See* 28 U.S.C. § 1332(d)(5)(A)-(B).

31.     WFM Group is not a State, State official or other governmental entity.

32.     Plaintiff purports to represent a class of "[a]ll persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification."  Complaint, ¶29.  More than 100 persons have purchased 365 Tilapia

in the United States during the five years preceding the filing of this lawsuit. Thus, there are more than 100 putative class members.

**2.    Minimal Diversity Exists Between the Parties**

33.    For the reasons detailed in Paragraphs 16-21 above, the jurisdictional requirement of minimal diversity under CAFA, 28 U.S.C. § 1332(d)(2)(A), is satisfied because Plaintiff and WFM Group are citizens of different states. Further, because Plaintiff's nationwide class includes several other states, WFM Group is also diverse from at least one member of Plaintiff's putative national class.

**3.    The Amount in Controversy Requirement Is Satisfied for Purposes of CAFA Jurisdiction.**

34.    Under CAFA, the claims of individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(6). Moreover, CAFA's legislative history makes clear that Section 1332(d)(6) is to be interpreted expansively. The Senate Committee states:

> . . . if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. By the same token, the Committee intends that a matter be subject to federal court jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief).

S. Rep. No. 109-114, at 42 (2005), as reprinted in 2005 U.S.C.C.A.N. 40.

35.    Plaintiff alleges that as a result of WFM Group's actions he and his putative class lost money and have been overcharged for the product. *See* Complaint, ¶122. Thus, Plaintiff seeks monetary damages equal to a portion of the purchase price from each sale of 365 Tilapia over the statutory periods. 365 Tilapia currently retails for $15.99 per unit. WFM Group has sold more than a million units of 365 Tilapia within the last five years.

36.     Plaintiff also seeks an award of injunctive relief, punitive damages and attorney fees.  As detailed in Paragraph 25 above, these claims are also properly considered in determining the amount-in-controversy.  *See Tropp*, 381 F.3d at 595; *Oshana*, 472 F.3d at 512.

37.     The economic cost attendant to stopping production and distribution of the current product, and changing the product's packaging would be considerable.  Thus, the cost of injunctive relief, combined with the total sales, punitive damages and attorneys' fees, cements the fact that the amount in controversy is satisfied.

38.     Although WFM Group concedes no liability on Plaintiff's claims, assuming the allegations to be true for purposes of this notice, Plaintiff's claims place in controversy a sum greater than $5,000,000.00.  Thus, the claims asserted in this action meet the jurisdictional threshold because the aggregate amount of alleged actual damages from Plaintiff's unproved allegations, plus Plaintiff's request for punitive damages, attorneys' fees and injunctive relief, exceed $5,000,000.00, exclusive of interest and costs.  *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Blomberg v. Serv. Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.")

## IV.     NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT, AND COPY OF THE COMPLETE FILE FROM THE STATE COURT ACTION.

39.     Pursuant to 28 U.S.C. §1446(a), WFM Group has attached a copy of the complete file from the state court.  As such, WFM Group has attached the following to this Notice of Removal: Class Action Complaint, Summons, Motion for Class Certification, Order Re Status Date, Order Resetting Status Date and the current State Court Docket Sheet.  *See* **Exhibit 2**.

40.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff and filed with the Circuit Court for Cook County, Illinois Chancery

Division. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

## V. RESERVATION OF RIGHTS

41.     This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the plaintiff or putative class members are entitled to or otherwise may recover any of the amounts described above.

Dated:  April 18, 2023                     Respectfully submitted:

 

 

Joseph D. Ryan (ARDC No. 6192344)
Law Offices of Joseph D. Ryan, P.C.
1896 Sheridan Road
Highland Park, IL 60035
Tel: (847) 432-5971
Email:  jryan@ryanlawoffices.com


Brian R. Blackman (*pro hac vice application to be submitted*)
Wells Blaxter (*pro hac vice application to be submitted*)
Blaxter | Blackman LLP
610 Montgomery Street, Suite 1110
San Francisco, CA  94111
Tel: (415) 500-7704
Email:  bblackman@blaxterlaw.com
          wblaxter@blaxterlaw.com

*Attorneys for Whole Foods Market Group, Inc.*

12

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on April 18, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Stephen G. Perry
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Telephone: (224) 218-0875
Email: Steven.perry@toddflaw.com

Joseph D. Ryan
Law Offices of Joseph D. Ryan, P.C.
1896 Sheridan Road, Suite 240
Highland Park, IL 60035
Tel: (847) 432-5971
ARDC No. 6192344
Email: jryan@ryanlawoffices.com

Exhibit 1



**CT Corporation**
**Service of Process Notification**
03/22/2023
CT Log Number 543464305

## Service of Process Transmittal Summary

**TO:**  TIMOTHY HORN
Whole Foods Market, Inc.
550 BOWIE ST
AUSTIN, TX 78703-4644

**RE:**  **Process Served in Illinois**

**FOR:**  Whole Foods Market Group, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHAEL DALY, individually and on behalf of all others similarly situated vs. WHOLE FOODS MARKET GROUP, INC. |
| **CASE #:** | 2023CH02149 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/22/2023 at 10:53 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  TIMOTHY HORN  timothy.horn@wholefoods.com |
| | Email Notification,  Ashley Nugent  ashley.nugent@wholefoods.com |
| | Email Notification,  Jennifer LaPlante  jennifer.laplante@wholefoods.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 208 South LaSalle Street |
| | Suite 814 |
| | Chicago, IL 60604 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Non-Traceable Mail on 03/13/2023 at 11:08 | TIMOTHY HORN Whole Foods Market, Inc. | 543393898 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Exhibit 1**



# PROCESS SERVER DELIVERY DETAILS

**Date:**                               Wed, Mar 22, 2023
**Server Name:**             Sheriff Drop

| | |
|---|---|
| Entity Served | WHOLE FOODS MARKET GROUP INC |
| Case Number | 2023CH02149 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
Judge: Calendar, 14

IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21718460

* 5 0 2 6

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MICHAEL DALY,

_____

Plaintiff(s)

v.

WHOLE FOODS MARKET GROUP, INC.

_____

Defendant(s)

Case No.    2023CH02149
_____

Whole Foods Market Grp c/o CT Corp System
208 S. LaSalle St, Ste 814, Chicago, IL 60604

_____

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:** **Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

---

◉ Atty. No.: 63294

○ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Michael Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

3/3/2023 1:36 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 14

Case: 1:22-cv-02427 Document #: 1 Filed: 04/18/23 Page 20 of 140 PageID #:

IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21718460

* 5 0 2 6

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MICHAEL DALY,

Plaintiff(s)

v.

WHOLE FOODS MARKET GROUP, INC.

Case No. 2023CH02149

Defendant(s)

Whole Foods Market Grp c/o CT Corp System
208 S. LaSalle St, Ste 814, Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ⊙ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/ appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons * (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 63294

◯ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Michael Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

3/3/2023 1:36 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

*5 0 2 6 9 1 5 8*

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
        OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

earing Date: 7/5/2023 9:30 AM Case: 1:23-cv-02427 Document #: 12-1 Filed: 04/03/23 Page 23 of 140 PageID #:141
ocation: Court Room 2301
Jdge: Quish, Clare J

* 5 0 2 6

IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21713123

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

MICHAEL DALY, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.

      Defendant.

Case No. **2023CH02149**

**CLASS ACTION
COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, MICHAEL DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant WHOLE FOODS MARKET GROUP, INC., ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendants, in intentionally short-weighting their tilapia fillet products. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

2.     Plaintiff is an individual who was at all relevant times residing in Lemont, Illinois.

3.     Defendant is a Delaware Corporation, whose principal place of business is located in Austin, Texas.

4.     At all times relevant hereto, Defendant was engaged in the marketing, manufacturing, and sale of frozen fish filets.

## FACTS COMMON TO ALL COUNTS

5.     Defendant manufactures, advertises, markets, sells, and distributes frozen fish filets throughout the United States.

6.     During the Class Period Defendant sold short-weighted bags of frozen tilapia filets (the "Products").

7.     On January 6, 2023, Plaintiff purchased a Product from a Whole Foods located at 15260 S La Grange Rd., Orland Park, IL 60462.

8.     The United States Department of Commerce sets standards for checking the net content of packaged goods. These standards are articulated in the National Institute of Standards and Technology Handbook. 133, 2016 Edition.

9.     Testing packages at retail outlets evaluates the soundness of the manufacturing, distributing, and retailing processes of the widest variety of goods at a single location. Natl. Inst. Stand. Technol. Handb. 133, 2016 Ed. 214 Pages (Nov. 2015).

10.    The limit of the "reasonable minus variation" for an under filled package is called a "Maximum Allowable Variation" (MAV). An MAV is a deviation from the labeled weight, measure, or count of an individual package beyond which the deficiency is considered an unreasonable minus error. Each sampling plan limits the number of negative package errors

2

permitted to be greater than the MAV. Natl. Inst. Stand. Technol. Handb. 133, 2016 Ed. 214 Pages (Nov. 2015).

11.     Fish filet products are glazed with a thin layer of ice to protect the freshness of the fish meat.

12.     Fraudulently short-weighted fish filets are sometimes overglazed in order to sell the fish at a weight higher than the amount of fish actually delivered.

13.     The Products were sold in units of 907 grams per bag.

14.     The MAV for fish products sold in units of 907 grams is 31.7 grams.

15.     Plaintiff's counsel conducted an investigation following the guidelines articulated in the National Institute of Standards and Technology Handbook.

16.     Based on Plaintiff's counsel's investigation it was determined that approximately 80% of the Products tested were short weighted due to fraudulent over-glazing. See Exhibit A1-A3, Ice Glaze Package Reports detailing the results of Plaintiff's counsel's investigation.

17.     Plaintiff's counsel has additionally secured six bags of unopened, untested Products for purposes of independent testing during litigation.

///

///

///

///

///

///

///

///

3

18.     The following are examples of the Products' fraudulent labeling:



19.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the weight of the Products.

20.     Plaintiff, like any reasonable consumer, understands that products sold by weight should actually be the correct weight for the price paid.

21.     By making false and misleading claims about the Products, Defendant overcharged Plaintiff and the class members.

22.     Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about his consumer products as required by law.

23.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would be 907 grams per bag.

4

24.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class were overcharged.

25.     Plaintiff was unaware that the Product was short-weighted when he Purchased it.

26.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products overglazed was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased were short-weighted.

27.     On information and belief, Defendant through its employees knew or should have known that the Products were overglazed.

28.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

a.     Lost money;

b.     Wasting Plaintiff's time; and

c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

30.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products
> within five years prior to the filing of the Complaint through the date
> of class certification.

31.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

Civil Procedure for maintaining a class action, specifically:

a.      Upon information and belief, the Class and the Sub-Class are so numerous

that joinder of all members is impracticable. On information and belief there

are hundreds, if not thousands of individuals in the United States and the

State of Illinois who purchased the products within the applicable statute of

limitations period.

b.      There are questions of fact and/or law which are common to the Class and

the Sub-Class, and which predominate over questions affecting any

individual Class or Sub-Class members. These common questions of fact

and law include, but are not limited to:

i.      Whether Defendant disseminated false and misleading information

by short-weighting the Products;

ii.     Whether the Class and Sub-Class members were informed that the

Products were short-weighted;

iii.    Whether the Products were short-weighted;

iv.     Whether Defendant's conduct was unfair and deceptive;

v.      Whether Defendant unjustly enriched itself as a result of the

unlawful conduct alleged above;

vii.    Whether there should be a tolling of the statute of limitations; and

6

viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy, Defendant will continue to benefit financially from such conduct.

h.    Defendant has acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

32.    Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.    The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, _et seq._**

34.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 33 above as if fully reiterated herein.

35.    Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

36.    Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

37.    815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

8

38.    Through its representation that the Products were 907 grams, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

39.    815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

40.    In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

41.    Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

42.    By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

9

a.    An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.    An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.    An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.    Judgment against Defendant in an amount to be determined at trial;

e.    An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.    Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.    Any other relief deemed just and proper by this Court.

## COUNT II
## COMMON LAW FRAUD

43.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 33 above as if fully reiterated herein.

44.    Through its false statements that the Products were 907 grams, Defendant made false statements of material fact.

45.    At the time Defendant made its statements to Plaintiff that the Products were 907 grams, it knew, or reasonably should have known, that the statements described above were false.

46.    At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products for a specific price by weight.

47.     Plaintiff relied upon the truth of the statements described above and purchased the

Product for a price by weight, only to find that the Product he purchased was short-weighted.

48.     As a result of their reasonable reliance upon Defendant's false statements of

material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have

suffered concrete and particularized injuries, harm, and damages which include, but are not limited

to, the loss of money spent on products that were not the quantity promised, and stress, aggravation,

frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.  An order certifying the Class and the Sub-Class and appointing Plaintiff as

Representative of the Class and the Sub-Class;

b.  An order certifying the undersigned counsel as the Class and Sub-Class

Counsel;

c.  An order requiring Defendant, at its own cost, to notify all members of the

Class and the Sub-Class of the unlawful, unfair, deceptive, and

unconscionable conduct herein;

d.  Judgment against Defendant in an amount to be determined at trial;

e.  An order for injunctive relief prohibiting such conduct by Defendant in the

future;

f.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and

other litigation costs; and

g.  Any other relief deemed just and proper by this Court.

///

## COUNT III
## UNJUST ENRICHMENT

49.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 33 above as if fully reiterated herein.

50.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

51.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products were 907 grams.

52.     Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid the same price, if they knew the Products weighed less than advertised.

53.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

h.  An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

i.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k.  Judgment against Defendant in an amount to be determined at trial;

l.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

m.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n.  Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

MICHAEL DALY

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

13

EXHIBIT 2

IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21718460

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MICHAEL DALY,

Plaintiff(s)

v.

WHOLE FOODS MARKET GROUP, INC.

Case No. 2023CH02149

Defendant(s)

Whole Foods Market Grp c/o CT Corp System
208 S. LaSalle St, Ste 814, Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail  ● Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

**Exhibit 2**

**Summons - Alias Summons** (12/01/20) GCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 63294
○ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Michael Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

3/3/2023 1:36 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

IRIS Y. MARTINEZ
* 5 0 2 6 CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21718460

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                   (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MICHAEL DALY,

Plaintiff(s)

v.

WHOLE FOODS MARKET GROUP, INC.

Case No. 2023CH02149

Defendant(s)

Whole Foods Market Grp c/o CT Corp System
208 S. LaSalle St, Ste 814, Chicago, IL 60604

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ◉ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/ appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

---

⦿ Atty. No.: 63294
○ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Michael Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL   Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

3/3/2023 1:36 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

\* 5 0 2 6 9 1 5 8 \*

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

IRIS Y. MARTINEZ
* 5 0 2 6  CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21713123

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

MICHAEL DALY, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.

     Defendant.

Case No. **2023CH02149**

**CLASS ACTION
COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, MICHAEL DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant WHOLE FOODS MARKET GROUP, INC., ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.    This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendants, in intentionally short-weighting their tilapia fillet products. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

2.  Plaintiff is an individual who was at all relevant times residing in Lemont, Illinois.

3.  Defendant is a Delaware Corporation, whose principal place of business is located in Austin, Texas.

4.  At all times relevant hereto, Defendant was engaged in the marketing, manufacturing, and sale of frozen fish filets.

## FACTS COMMON TO ALL COUNTS

5.  Defendant manufactures, advertises, markets, sells, and distributes frozen fish filets throughout the United States.

6.  During the Class Period Defendant sold short-weighted bags of frozen tilapia filets (the "Products").

7.  On January 6, 2023, Plaintiff purchased a Product from a Whole Foods located at 15260 S La Grange Rd., Orland Park, IL 60462.

8.  The United States Department of Commerce sets standards for checking the net content of packaged goods. These standards are articulated in the National Institute of Standards and Technology Handbook. 133, 2016 Edition.

9.  Testing packages at retail outlets evaluates the soundness of the manufacturing, distributing, and retailing processes of the widest variety of goods at a single location. Natl. Inst. Stand. Technol. Handb. 133, 2016 Ed. 214 Pages (Nov. 2015).

10. The limit of the "reasonable minus variation" for an under filled package is called a "Maximum Allowable Variation" (MAV). An MAV is a deviation from the labeled weight, measure, or count of an individual package beyond which the deficiency is considered an unreasonable minus error. Each sampling plan limits the number of negative package errors

2

permitted to be greater than the MAV. Natl. Inst. Stand. Technol. Handb. 133, 2016 Ed. 214 Pages (Nov. 2015).

11.    Fish filet products are glazed with a thin layer of ice to protect the freshness of the fish meat.

12.    Fraudulently short-weighted fish filets are sometimes overglazed in order to sell the fish at a weight higher than the amount of fish actually delivered.

13.    The Products were sold in units of 907 grams per bag.

14.    The MAV for fish products sold in units of 907 grams is 31.7 grams.

15.    Plaintiff's counsel conducted an investigation following the guidelines articulated in the National Institute of Standards and Technology Handbook.

16.    Based on Plaintiff's counsel's investigation it was determined that approximately 80% of the Products tested were short weighted due to fraudulent over-glazing. See Exhibit A1-A3, Ice Glaze Package Reports detailing the results of Plaintiff's counsel's investigation.

17.    Plaintiff's counsel has additionally secured six bags of unopened, untested Products for purposes of independent testing during litigation.

///

///

///

///

///

///

///

///

18.     The following are examples of the Products' fraudulent labeling:



19.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the weight of the Products.

20.     Plaintiff, like any reasonable consumer, understands that products sold by weight should actually be the correct weight for the price paid.

21.     By making false and misleading claims about the Products, Defendant overcharged Plaintiff and the class members.

22.     Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about his consumer products as required by law.

23.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would be 907 grams per bag.

4

24.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class were overcharged.

25.     Plaintiff was unaware that the Product was short-weighted when he Purchased it.

26.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products overglazed was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased were short-weighted.

27.     On information and belief, Defendant through its employees knew or should have known that the Products were overglazed.

28.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.     Lost money;

    b.     Wasting Plaintiff's time; and

    c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

30.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

5

> All persons within the State of Illinois who purchased the Products
> within five years prior to the filing of the Complaint through the date
> of class certification.

31.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

Civil Procedure for maintaining a class action, specifically:

    a.     Upon information and belief, the Class and the Sub-Class are so numerous

that joinder of all members is impracticable. On information and belief there

are hundreds, if not thousands of individuals in the United States and the

State of Illinois who purchased the products within the applicable statute of

limitations period.

    b.     There are questions of fact and/or law which are common to the Class and

the Sub-Class, and which predominate over questions affecting any

individual Class or Sub-Class members. These common questions of fact

and law include, but are not limited to:

        i.     Whether Defendant disseminated false and misleading information

by short-weighting the Products;

        ii.     Whether the Class and Sub-Class members were informed that the

Products were short-weighted;

        iii.     Whether the Products were short-weighted;

        iv.     Whether Defendant's conduct was unfair and deceptive;

        v.     Whether Defendant unjustly enriched itself as a result of the

unlawful conduct alleged above;

        vii.     Whether there should be a tolling of the statute of limitations; and

viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy, Defendant will continue to benefit financially from such conduct.

h.    Defendant has acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

32.    Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.    The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***

34.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 33 above as if fully reiterated herein.

35.    Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

36.    Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

37.    815 ILCS 505/2 states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

8

38.     Through its representation that the Products were 907 grams, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

39.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

40.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

41.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

42.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.   Judgment against Defendant in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.   Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

## COUNT II
## COMMON LAW FRAUD

43.   Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 33 above as if fully reiterated herein.

44.   Through its false statements that the Products were 907 grams, Defendant made false statements of material fact.

45.   At the time Defendant made its statements to Plaintiff that the Products were 907 grams, it knew, or reasonably should have known, that the statements described above were false.

46.   At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products for a specific price by weight.

10

47.     Plaintiff relied upon the truth of the statements described above and purchased the Product for a price by weight, only to find that the Product he purchased was short-weighted.

48.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products that were not the quantity promised, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.   Judgment against Defendant in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.   Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

///

## COUNT III
## UNJUST ENRICHMENT

49.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 33 above as if fully reiterated herein.

50.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

51.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products were 907 grams.

52.     Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid the same price, if they knew the Products weighed less than advertised.

53.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

h.  An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

i.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k.  Judgment against Defendant in an amount to be determined at trial;

l.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

m.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n.  Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

MICHAEL DALY

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

13

Exhibit A1

| Date: 1/11/2023 | **Ice Glazed Package Report** | | Sampling Plan: | X☐ A  ☐ B | Report Number: 1 |
|---|---|---|---|---|---|

| Location (name, address): Whole Foods Market, 15260 S La Grange Rd, Orland Park IL | Product/Brand Identity: 365 Whole Foods Brand | Manufacturer: Whole Foods | Container Description: BAG |
|---|---|---|---|
| | Lot Codes: | | |

| 1. Standard Pack Labeled Quantity: 907 grams (If random packed, enter weight for each package in Column 1 below.) | 2. Unit of Measure: Grams | 3. MAV: Look up the MAV for each package with a minus (−) error, enter value in the Box 4 column below. | 5. Inspection Lot Size 1 bag | 6. Sample Size (n) 1 |
|---|---|---|---|---|

| 7. Price per gram: | | | 8. No. of MAVs Allowed: 0 |
|---|---|---|---|
| 7a. Standard Pack: Package Price $15.99   divide by (Box 1) = 0.01762955 | 7b. Random Pack: Labeled Price per lb _____ | | |

| | Pkg 1 | Pkg 2 | Pkg 3 | Pkg 4 | Pkg 5 | Pkg 6 | Pkg 7 | Pkg 8 | Pkg 9 | Pkg 10 | Pkg 11 | Pkg 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pkg. Gross Wt | 999.86 | | | | | | | | | | | |
| a. Labeled Net Wt | 907 | | | | | | | | | | | |
| b. Gross: Rec. Pan & deglazed product Wt | 1596.15 | | | | | | | | | | | |
| c. Tare: Rec. Pan Wt | 744.765 | | | | | | | | | | | |
| d. Net Wt (Box b − Box c= ) | 851.39 | | | | | | | | | | | |
| e. Package Error (Box d − Box a = ) | -55.61 | | | | | | | | | | | |

| Package # | Column 1 Labeled Net Weight (random pack only) | Package Errors | | 4. MAV Dimensionless Units | |
|---|---|---|---|---|---|
| | | − | + | | |
| 1 | | 55.61 | | 31.7 | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| Totals | | f. | g. | | |

| 9. Total Error (add Row e or Box f + g): -55.61 | 10. Number of unreasonable minus (−) errors (compare each package error with the MAV in the Box 4 column): 1 | 11. Is Box 10 greater than Box 8? X☐ Yes, lot fails ☐ No, go to Box 12 | 12. Avg. error (Box 9 ÷ Box 6 = ): |
|---|---|---|---|

| 13. Does Box 12 = Zero (0) or Plus (+)? ☐ Yes, lot passes, go to Box 18 ☐ No, go to Box 14 | 14. Compute Sample Standard Deviation: | 15. Sample Correction Factor: | 16. Compute Sample Error Limit (Box 14 × Box 15 =) |
|---|---|---|---|

| 17. Disregarding the signs, is Box 12 larger than Box 16? ☐ Yes, lot fails, go to Box 18 ☐ No, lot passes, go to Box 18 | 18. Disposition of Inspection Lot ☐ Approved  ☐ Rejected | 19. Economic Impact: (Box 12 × Box 7 × Box 5 = ) |
|---|---|---|

| Comments: | Official's Signature: |
|---|---|

* 5 0 2 6 9 1 5 8 *

| | Acknowledgement of Report: |
|---|---|
| | |

**Exhibit A2** 1 5 8

| Date: 1/12-1/31/2023 | **Ice Glazed Package Report** | | Sampling Plan: X☐ A ☐ B | Report Number:2 |
|---|---|---|---|---|

| Location (name, address): Whole Foods Market, 6020 N Cicero Ave, Chicago; 6009 N Broadway St Chicago; 3201 N Ashland Ave, Chicago; 1550 N Kingsbury St, Chicago. | Product/Brand Identity: 365 Whole Foods Brand | Manufacturer: Whole Foods | Container Description: Bags |
|---|---|---|---|
| | Lot Codes: | | |

| 1. Standard Pack Labeled Quantity:907 grams (If random packed, enter weight for each package in Column 1 below.) | 2. Unit of Measure:grams | 3. MAV: Look up the MAV for each package with a minus (−) error, enter value in the Box 4 column below. | 5. Inspection Lot Size 12 bags | 6. Sample Size (n) 12 |
|---|---|---|---|---|

| 7. Price per gram: | | | 8. No. of MAVs Allowed 0 |
|---|---|---|---|
| 7a. Standard Pack: Package Price $15.99     divide by (Box 1) = $0.01762955     7b. Random Pack: Labeled Price per lb _____ | | | |

| | Pkg 1 | Pkg 2 | Pkg 3 | Pkg 4 | Pkg 5 | Pkg 6 | Pkg 7 | Pkg 8 | Pkg 9 | Pkg 10 | Pkg 11 | Pkg 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Pkg. Gross Wt** | 987.91 | 994.63 | 994.62 | 995.65 | 1006.58 | 1011.14 | 998.55 | 987.67 | 1002.03 | 994.22 | 1010.97 | 994.12 |
| a. Labeled Net Wt | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 |
| b. Gross: Rec. Pan & deglazed product Wt | 1612.17 | 1634.21 | 1616.42 | 1606.34 | 1611.69 | 1631.55 | 1581.44 | 1598.23 | 1612.63 | 1597.83 | 1629.73 | 1580.59 |
| c. Tare: Rec. Pan Wt | 744.80 | 744.50 | 744.49 | 744.55 | 744.55 | 744.54 | 744.53 | 744.55 | 744.55 | 740.87 | 740.87 | 740.89 |
| d. Net Wt (Box b − Box c= ) | 867.37 | 889.71 | 871.93 | 861.79 | 867.14 | 887.01 | 836.91 | 853.68 | 868.08 | 856.96 | 888.86 | 839.7 |
| e. Package Error (Box d − Box a = ) | -39.63 | -17.29 | -35.07 | -45.21 | -39.86 | -19.99 | -70.09 | -53.32 | -38.92 | -50.04 | -18.14 | -67.3 |

| Package # | Column 1 Labeled Net Weight (random pack only) | Package Errors | | 4. MAV Dimensionless Units |
|---|---|---|---|---|
| | | − | + | |
| 1 | | 39.63 | | 31.7 |
| 2 | | 17.29 | | 31.7 |
| 3 | | 35.07 | | 31.7 |
| 4 | | 45.21 | | 31.7 |
| 5 | | 39.86 | | 31.7 |
| 6 | | 19.99 | | 31.7 |
| 7 | | 70.09 | | 31.7 |
| 8 | | 53.32 | | 31.7 |
| 9 | | 38.92 | | 31.7 |
| 10 | | 50.04 | | 31.7 |
| 11 | | 18.14 | | 31.7 |
| 12 | | 67.3 | | 31.7 |
| Totals | | f. | g. | |

| 9. Total Error (add Row e or Box f + g): -494.86 | 10. Number of unreasonable minus (−) errors (compare each package error with the MAV in the Box 4 column):9 | 11. Is Box 10 greater than Box 8? X☐ Yes, lot fails ☐ No, go to Box 12 | 12. Avg. error (Box 9 ÷ Box 6 =): |
|---|---|---|---|

| 13. Does Box 12 = Zero (0) or Plus (+)? ☐ Yes, lot passes, go to Box 18 ☐ No, go to Box 14 | 14. Compute Sample Standard Deviation: | 15. Sample Correction Factor: | 16. Compute Sample Error Limit (Box 14 × Box 15 =) |
|---|---|---|---|

| 17. Disregarding the signs, is Box 12 larger than Box 16? ☐ Yes, lot fails, go to Box 18 ☐ No, lot passes, go to Box 18 | 18. Disposition of Inspection Lot ☐ Approved ☐ Rejected | 19. Economic Impact: (Box 12 × Box 7 × Box 5 = ) |
|---|---|---|

| Comments: | Official's Signature: |
|---|---|

| | Acknowledgement of Report: |
|---|---|
| | |

Exhibit A3

| Date: 2/1-2/9/2023 | | **Ice Glazed Package Report** | | | Sampling Plan: | X☐ A | ☐ B | | Report Number:3 |
|---|---|---|---|---|---|---|---|---|---|

Location (name, address): Whole Foods Market, 255 E Grand Ave, Chicago; 1 N Halsted St, Chicago; 3 W Chicago Ave, Chicago.

Product/Brand Identity:365 Whole Foods

Lot Codes:

Manufacturer: Whole Foods

Container Description: bags

| 1. Standard Pack Labeled Quantity:907 grams (If random packed, enter weight for each package in Column 1 below.) | 2. Unit of Measure:grams | 3. MAV: Look up the MAV for each package with a minus (−) error, enter value in the Box 4 column below. | 5. Inspection Lot Size | 6. Sample Size (n) |
|---|---|---|---|---|

| 7. Price per gram 7a. Standard Pack: Package Price 15.99          divide by (Box 1) = $0.01762955          7b. Random Pack: Labeled Price per lb _____ | 8. No. of MAVs Allowed 0 |
|---|---|

| | Pkg 1 | Pkg 2 | Pkg 3 | Pkg 4 | Pkg 5 | Pkg 6 | Pkg 7 | Pkg 8 | Pkg 9 | Pkg 10 | Pkg 11 | Pkg 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Pkg. Gross Wt** | 1003.75 | 1004.52 | 1008.54 | 1014.62 | 1023.14 | 1008.69 | 998.22 | 1002.51 | 1001.38 | | | |
| a. Labeled Net Wt | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 | 907 | | | |
| b. Gross: Rec. Pan & deglazed product Wt | 1598.21 | 1592.93 | 1593.04 | 1612.82 | 1594.18 | 1595.89 | 1601.07 | 1606.17 | 1613.99 | | | |
| c. Tare: Rec. Pan Wt | 744.52 | 744.51 | 726.86 | 726.83 | 726.81 | 726.81 | 726.81 | 750.34 | 750.30 | | | |
| d. Net Wt (Box b − Box c= ) | 853.69 | 848.42 | 866.18 | 885.99 | 867.37 | 869.08 | 874.26 | 855.83 | 863.69 | | | |
| e. Package Error (Box d − Box a = ) | -53.31 | -58.58 | -40.82 | -21.01 | -39.63 | -37.92 | -32.74 | -51.17 | -43.31 | | | |

| Package # | Column 1 Labeled Net Weight (random pack only) | Package Errors | | 4. MAV Dimensionless Units |
|---|---|---|---|---|
| | | − | + | |
| 1 | | 53.31 | | 31.7 |
| 2 | | 58.58 | | 31.7 |
| 3 | | 40.82 | | 31.7 |
| 4 | | 21.01 | | 31.7 |
| 5 | | 39.63 | | 31.7 |
| 6 | | 37.92 | | 31.7 |
| 7 | | 32.74 | | 31.7 |
| 8 | | 51.17 | | 31.7 |
| 9 | | 43.31 | | 31.7 |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| Totals | | f. | g. | |

| 9. Total Error (add Row e or Box f + g):378.49 | 10. Number of unreasonable minus (−) errors (compare each package error with the MAV in the Box 4 column): 8 | 11. Is Box 10 greater than Box 8? X☐ Yes, lot fails ☐ No, go to Box 12 | 12. Avg. error (Box 9 ÷ Box 6 = ): |
|---|---|---|---|

| 13. Does Box 12 = Zero (0) or Plus (+)? ☐ Yes, lot passes, go to Box 18 ☐ No, go to Box 14 | 14. Compute Sample Standard Deviation: | 15. Sample Correction Factor: | 16. Compute Sample Error Limit (Box 14 × Box 15 =) |
|---|---|---|---|

| 17. Disregarding the signs, is Box 12 larger than Box 16? ☐ Yes, lot fails, go to Box 18 ☐ No, lot passes, go to Box 18 | 18. Disposition of Inspection Lot ☐ Approved ☐ Rejected | 19. Economic Impact: (Box 12 × Box 7 × Box 5 = ) |
|---|---|---|

| Comments: | Official's Signature: |
|---|---|

| | Acknowledgement of Report: |
|---|---|
| | |

* 5 0 2 6 9 1 5 8 *

Appearance and Jury Demand *                                          (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY      DEPARTMENT/ _1st_ DISTRICT      CHANCERY DIVISION

**2023CH02149**

| | |
|---|---|
| MICHAEL DALY | Case No. _____ |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____ Time: _____ |
| WHOLE FOODS MARKET GROUP, INC. | Court Date: _____ Room No.: _____ |
| Defendant | |

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND *

☑ General Appearance       ☑ 0900 - Fee Paid                           ☐ 0904 - Fee Waived
                           ☐ 0908 - Trial Lawyers Appearance - No Fee
☑ Jury Demand *            ☐ 1900 - Appearance and Jury Demand/Fee Paid        ☐ Twelve-person Jury
                           ☐ 1904 - Appearance and Jury Demand/No Fee Paid      ☐ Six-person Jury

The undersigned enters the appearance of:  ◯ Plaintiff  ◯ Defendant

Litigant's Name:  Michael Daly

Signature: _____

☑ Initial Counsel of Record        ☐ Pro Se (Self-represented)        ☐ 2810  Rule 707 Out-of-State Counsel
                                                                          (pro hac vice)
☐ Additional Appearance            ☐ Substitute Appearance

◉ Atty. No.: 63294 _____  ◯ Pro Se 99500

Name:  Steven Perry Law Offices of Todd M. Friedman, P.C.

Atty. for (if applicable):

Michael Daly, Plaintiff

Address:  707 Skokie Blvd., Suite 600

City:  Northbrook

State:  IL   Zip:  60062   Phone:  224-218-0875

Primary Email:  steven.perry@toddflaw.com

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery.  (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

\* Strike demand for trial by jury if not applicable.
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for  ◉ Plaintiff  ◯ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**
Page 1 of 1

\* 5 0 2 6 9 1 5 8 \*

**Chancery Division Civil Cover Sheet**
**General Chancery Section**             (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MICHAEL DALY
_____
                Plaintiff

v.

WHOLE FOODS MARKET GROUP, INC.
_____
                Defendant

Case No: **2023CH02149**

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| | | |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| | ☐ | Other (specify) _____ |

◉ Atty. No.: 63294      ◯ Pro Se 99500

Atty Name: Steven Perry, Law Offices of Todd M. Friedman, PC

Atty. for: Michael Daly, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook      State: IL

Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

FILED
3/3/2023 1:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02149
Calendar, 14
21718503

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

| | | |
|---|---|---|
| MICHAEL DALY, individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. : 2023CH02149 |
| | ) | |
| v. | ) | |
| | ) | |
| WHOLE FOODS MARKET GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Now comes the Plaintiff, MICHAEL DALY, by and through his attorneys, and brings this Motion for Class Certification against Defendant, WHOLE FOODS MARKET GROUP, INC., individually and on behalf of a class and sub-class of all others similarly situated. In support thereof, Plaintiff alleges and states as follows:

1.      As alleged in Plaintiff's Complaint, on January 6, 2023, Plaintiff purchased a bag of frozen tilapia filets from a Whole Foods located at 15260 S La Grange Rd., Orland Park, IL.

2.      When Plaintiff purchased the products he believed that the Product contained the advertised weight of fish because the product was labeled as containing 907 grams of fish and was sold by weight.  However, upon investigation by his attorneys Plaintiff learned that the product actually contains less than the advertised amount of fish. A more thorough explanation of the facts may be found in Plaintiff's Complaint.

3.      As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries, harm, and damages, which include, but are not limited to, the following:

    a.      Lost money;

     b.     Wasting Plaintiff's time; and

     c.     Stress, aggravation, frustration, inconvenience, loss of trust, loss of serenity, and loss of confidence in product labeling.

4.     Plaintiff brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following class (the "Class"): All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

5.     Plaintiff also brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following sub-class (hereinafter the "Sub-Class"): All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

6.     Illinois Rule of Civil Procedure section 5/2-801 states that an action may be maintained as a class action in any court of this state if the court finds that:

     (1)     The class is so numerous that joinder of all members is impracticable.

     (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

     (3)     The representative parties will fairly and adequately protect the interest of the class.

     (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

7.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

2

Civil Procedure for maintaining a class action, specifically:

a.  Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b.  There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.  Whether Defendant disseminated false and misleading information by short-weighting the Products;

    ii.  Whether the Class and Sub-Class members were informed that the products were short-weighted;

    iii.  Whether the Products were short-weighted;

    iv.  Whether Defendant's conduct was unfair and deceptive;

    v.  Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    vi.  Whether Defendant breached express warranties to Plaintiff, and the Class and Sub-Class members;

    vii.  Whether there should be a tolling of the statute of limitations; and

3

viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

4

h.     Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

5.     Plaintiff believes that upon completion of discovery in this matter, Plaintiff will be able to prove each of the allegations to the satisfaction of this Court. Therefore, Plaintiff requests the Court defer any ruling on this motion until after discovery has closed and Plaintiff has filed an amended or supplemental motion for class certification.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order certifying the proposed class and sub-class, but defer any ruling on this Motion until after discovery has been completed and Plaintiff has filed an amended or supplemental motion for class certification.

RESPECTFULLY SUBMITTED,

MICHAEL DALY

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2023, a copy of Plaintiff's Motion for

Class Certification was served upon the following party, by depositing the same in the U.S. Mail,

with proper first-class postage prepaid thereon:

   WHOLE FOODS MARKET GROUP INC.
   c/o: CT Corporation system (registered agent)
   208 S. LaSalle St, Suite 814
   Chicago, IL 60604


          _____

          Steven G. Perry
          Attorney for Plaintiff

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Michael Daly, )
)
*Plaintiff,* )
)
v. ) Case No.: **2023 CH 02149**
)
Whole Foods Market Group, Inc., )
)
)
*Defendants.* )

## ORDER

On the Court's own Motion,

**IT IS HEREBY ORDERED:**

1. The July 5, 2023 date is stricken.

2. The case is set for status on **July 11, 2023 at 9:30 a.m.** via Zoom Meeting ID 953 7174 9534 Password 253498 Call In (312) 626-6799.

3. The Court Clerk is directed to notify all parties of this order.

| |
|---|
| Judge Clare J. Quish<br>(312) 603-3733<br>ccc.chancerycalendar14@cookcountyil.gov<br>Zoom Meeting ID: 953 7174 9534<br>Zoom Password: 253498<br>Zoom Dial-In: (312) 626-6799 |

**ENTERED:**

_____

Judge Clare J. Quish
**DATE:** March 27, 2023

Judge Clare J. Quish

MAR 27 2023

Circuit Court - 2160

Page 1 of 1

# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

Case Information for Case Number: **2023CH02149**

Search Again

| Case Number | Calendar | Date Filed | Division |
|---|---|---|---|
| 2023CH02149 | CHCAL14 | 03/03/2023 | District 1 |

| Plaintiff(s) | Case Type | Defendant(s) | Attorney |
|---|---|---|---|
| MICHAEL DALY | Class Actions | WHOLE FOODS MARKET GROUP, INC. | STEVE PERRY |

| Ad Damnum |
|---|
| 0 |

**Future Court Activity:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Court Date:** | 07/11/2023 | **Hearing Type:** | Open Call (Judicial Officer:Quish, Clare J,Calendar, 14) | **Time:** | 9:30 AM | **Location:** | Court Room 2301,Richard J Daley Center |
| **Court Date:** | 07/05/2023 | **Hearing Type:** | Case Management Call Case Management(Judicial Officer:Quish, Clare J,Calendar, 14) | **Time:** | 9:30 AM | **Location:** | Court Room 2301,Richard J Daley Center |

**Case Activities:**

| **Activity Date:** | 03/27/2023 | **Event Desc:** | Strike From The Call - Allowed - | **Comments:** | |
|---|---|---|---|---|---|

| **Activity Date:** | 03/27/2023 | **Event Desc:** | Case Set On Status Call | **Comments:** | |
|---|---|---|---|---|---|

| **Activity Date:** | 03/27/2023 | **Event Desc:** | Case Assigned to Zoom Hearing - Allowed | **Comments:** | |
|---|---|---|---|---|---|

| **Activity Date:** | 03/27/2023 | **Event Desc:** | Comply - Allowed - | **Comments:** | The Court Clerk is directed to notify all parties of this order. |
|---|---|---|---|---|---|

| **Activity Date:** | 03/03/2023 | **Event Desc:** | New Case Filing | **Comments:** | |
|---|---|---|---|---|---|

| **Activity Date:** | 03/03/2023 | **Event Desc:** | Class Action Complaint Filed (Jury Demand) | **Comments:** | Complaint Package |
|---|---|---|---|---|---|

| **Activity Date:** | 03/03/2023 | **Event Desc:** | Motion Filed | **Comments:** | Plaintiff's Motion for Class Certification |
|---|---|---|---|---|---|

| **Activity Date:** | 03/03/2023 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons to issue |
|---|---|---|---|---|---|

Please Note: If data does not appear in a specific field, we likely do not have the responsive data in our master database. If you have reason to believe there is an error, please contact the Internet Court Call Help Line at

312.603.4357.

# EXHIBIT 3

2/2/2023 1:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH01053
Calendar, 6

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

|  |  |
|---|---|
| MICHAEL DALY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2023CH01053 |
| v. | **CLASS ACTION COMPLAINT** |
| NOW HEALTH GROUP INC. d/b/a NOW FOODS | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, MICHAEL DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant, NOW HEALTH GROUP, INC., ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its products with false and misleading claims that they contain no artificial sweeteners, when the products contain xylitol, an artificial sweetener. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

# Exhibit 3

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

## PARTIES

2.     Plaintiff is an individual who was at all relevant times residing in Lemont, Illinois.

3.     Defendant is a Illinois corporation, whose principal place of business is located in Bloomingdale, Illinois.

4.     At all times relevant hereto, Defendant was engaged in the marketing, manufacturing, and sale of supplements.

## FACTS COMMON TO ALL COUNTS

5.     Defendant manufactures, advertises, markets, sells, and distributes dietary supplements throughout the United States.

6.     During the Class Period Defendant sold the following supplements (the "Products") labeled, marketed, and advertised as containing no artificial sweeteners but which contain xylitol, an artificial sweetener:

    a.   Protein Powder: Egg White Protein Creamy Chocolate

    b.   Protein Powder: Egg White Protein Creamy Vanilla

    c.   Protein Powder: Grass Fed Whey Creamy Vanilla

    d.   Protein Powder: Pea Protein Creamy Chocolate

    e.   Protein Powder: Pea Protein Vanilla Toffee

    f.   Protein Powder: Plant Complex Chocolate Mocha

    g.   Protein Powder: Plant Complex Creamy Vanilla

    h.   Protein Powder: Whey Creamy Chocolate

    i.   Protein Powder: Whey Creamy Vanilla

    j.   Protein Powder: Whey Isolate Creamy Chocolate

    k.   Protein Powder: Whey Isolate Creamy Vanilla

2

FILED DATE: 2/2/2023 1:43 PM    2023CH01053

7.      All of the Products listed in Paragraph No 6. above are substantially similar because all Products are protein powders, all products contain the same false "no artificial sweeteners" labeling, all Products contain the same challenged ingredient xylitol.

8.      Plaintiff, like any reasonable consumer, expects that products advertised as containing no artificial sweeteners will only be sweetened with natural sweeteners.

9.      On January 3, 2023, Plaintiff purchased a Pea Protein Creamy Chocolate Protein Powder from Defendant's Website.

10.     Hydrogenation is a synthetic reaction that between hydrogen gas and an unsaturated double bond in a molecule under high pressure in the presence of a metal catalyst. [1]

11.     The following diagram depicts the hydrogenation process: [2]



12.     This synthetic reaction must occur under a temperature of 212–302°F and a pressure of 98–148 times standard atmospheric pressure. In addition, for the reaction to occur a metal

---

[1]    Monoj   K   Gupta,   Practical   Guide   To   Vegetable   Oil   Processing https://www.sciencedirect.com/book/9781630670504/practical-guide-to-vegetable-oil-processing
[2]         Catalytic         Hydrogenation         of         Alkenes, https://chem.libretexts.org/Bookshelves/Organic_Chemistry/Supplemental_Modules_(Organic_Chemistry)/Alkenes/Reactivity_of_Alkenes/Catalytic_Hydrogenation

3

catalyst typically nickel, molybdenum, palladium, or platinum must be present alongside hydrogen gas.

13.     As demonstrated in Paragraphs No. 10 through 12 above, natural substances are chemically altered when reacted with a metal catalyst in the presence of hydrogen gas so that they are different than how they naturally occur. Furthermore, this chemical change results from a non-naturally occurring reaction. As a result, all the hydrogenated ingredients in the Products are artificial.

14.     Xylitol is a synthetic chemical prepared by hydrogenation of xylose. In addition, for the reaction to occur a metal catalyst typically nickel, molybdenum, palladium, or platinum must be present alongside hydrogen gas.

15.     The following are skeletal formulas of the reaction necessary to create xylitol:



16.     The following chart depicts the chemical steps between natural xylose and the artificial xylitol:



4

17.    The following are examples of the Products' fraudulent labeling:



18.    Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

19.    By making false and misleading claims about the Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

5

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

20.     Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about his consumer products as required by law.

21.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would contain no artificial sweeteners.

22.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for a premium Product, but instead received a non-premium Product with artificial sweetener.

23.     Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products contained no artificial sweeteners.

24.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as containing no artificial sweeteners when they do, Plaintiff could not have known that the Product contained an artificial sweetener.

25.     Plaintiff was unaware that the Product contained artificial sweetener when he purchased it.

26.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

27.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as containing no artificial sweeteners was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased contained artificial sweetener unless Defendant expressly told them.

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

28.     On information and belief, Defendant employs professional chemists to create the chemical formulas of Defendant's Products. Therefore, Defendant through its employees knew or should have known that xylitol is not naturally occurring, and that by adding xylitol to its Products they would contain a synthetic sweetener.

29.     On information and belief, Defendant did know that Products contained an artificial sweetener but chose to label the Products as containing no artificial sweeteners because it did not believe its customers were well educated enough to know the difference.

30.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

   a.     Lost money;

   b.     Wasting Plaintiff's time; and

   c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

32.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

33.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

a.      Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b.      There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

i.      Whether Defendant disseminated false and misleading information by claiming the Products did not contain artificial sweeteners when they did;

ii.     Whether the Class and Sub-Class members were informed that the Products contained an artificial sweetener;

iii.    Whether the Products contain artificial sweetener;

iv.     Whether Defendant's conduct was unfair and deceptive;

v.      Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

vii.    Whether there should be a tolling of the statute of limitations; and

viii.   Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

FILED DATE: 2/2/2023 1:43 PM    2023CH01063

FILED DATE: 2/2/2023 1:43 PM    2023CH01053

c.   Plaintiff's claims are typical of the Class and the Sub-Class, which all arise
from the same operative set of facts and are based on the same legal theories

d.   Plaintiff has no interests adverse or antagonistic to the interests of the other
members of the Class and the Sub-Class.

e.   Plaintiff will fairly and adequately protect the interests of the Class and the
Sub-Class and Plaintiff has retained experienced and competent attorneys
to represent the Class and the Sub-Class.

f.   This class action is a fair and efficient adjudication of the controversy
alleged herein. Plaintiff anticipates that no unusual difficulties are likely to
be encountered in the management of this class action.

.g.   This class action will permit large numbers of similarly situated persons to
prosecute their common claims in a single forum simultaneously and
without the duplication of effort and expense that numerous individual
actions would engender. This class action will also permit the adjudication
of relatively small claims by many Class and Sub-Class members who
would not otherwise be able to afford to seek legal redress for the wrongs
complained of herein. Absent a class action, Class and Sub-Class members
will continue to suffer losses of legally protected rights, as well as monetary
damages. If Defendants' conduct is allowed proceed to without remedy,
Defendants will continue to benefit financially from such conduct.

h.   Defendants have acted on grounds generally applicable to the entire Class
and Sub-Class, thereby making it appropriate for the Court to order final

9

FILED DATE: 2/2/2023 1:43 PM    2023CH01053

monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

34.    Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35.    The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

36.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 35 above as if fully reiterated herein.

37.    Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

38.    Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

39.    815 ILCS 505/2 states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

40.    Through its representation that the Products contained no artificial sweeteners, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions

10

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

41.     815 ILCS 505/10a states:

(a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

(c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

42.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

43.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

44.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.     An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

11

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

b.    An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.    An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.    Judgment against Defendant in an amount to be determined at trial;

e.    An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.    Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.    Any other relief deemed just and proper by this Court.

## COUNT II
## COMMON LAW FRAUD

45.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 35 above as if fully reiterated herein.

46.    Through its false statements that the Products contained no artificial sweeteners, Defendant made false statements of material fact.

47.    At the time Defendant made its statements to Plaintiff that the Products contained no artificial sweeteners, it knew, or reasonably should have known, that the statements described above were false.

48.    At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

49.    Plaintiff relied upon the truth of the statements described above and purchased the

12

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

Products, only to find that the Product he purchased contained an artificial sweetener.

50.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

    a.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

    b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

    c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

    d.   Judgment against Defendant in an amount to be determined at trial;

    e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

    f.   Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

    g.   Any other relief deemed just and proper by this Court.

## **COUNT III**
## **UNJUST ENRICHMENT**

51.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1

through 35 above as if fully reiterated herein.

52.    Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

53.    Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products did not contain artificial sweeteners.

54.    Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained an artificial sweetener.

55.    Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

h.  An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

i.  An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j.  An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k.  Judgment against Defendant in an amount to be determined at trial;

14

FILED DATE: 2/2/2023 1:43 PM   2023CH01053

l.  An order for injunctive relief prohibiting such conduct by Defendant in the future;

m.  Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n.  Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECFULLY SUBMITTED,

MICHAEL DALY

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

15

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

| | |
|---|---|
| MICHAEL DALY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| SCHMIDT'S DEODORANT COMPANY, LLC, d/b/a SCHMIDT'S NATURALS | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, MICHAEL DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant, SCHMIDT'S DEODORANT COMPANY, LLC, ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its products with false and misleading claims that they are natural, when Defendant's products contain synthetic ingredients. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

## PARTIES

2.      Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

3.      Defendant is a South Dakota limited liability company, whose principal place of business is located in Jupiter, Florida.

4.      At all times relevant hereto, Defendant was engaged in the marketing, manufacturing, and sale of deodorant.

## FACTS COMMON TO ALL COUNTS

5.      Defendant manufactures, advertises, markets, sells, and distributes deodorant throughout the United States.

6.      During the Class Period Defendant sold the following deodorant sticks (the "Products") labeled, marketed, and advertised as natural but which contain the artificial ingredient Jojoba Esters:

   a.   Schmidt's Bergamot & Lime

   b.   Schmidt's Lavender & Sage

   c.   Schmidt's Rose & Vanilla

   d.   Schmidt's Charcoal & Magnesium

   e.   Schmidt's Fresh Fir & Spice

   f.   Schmidt's Sandalwood and Citrus

   g.   Schmidt's Fresh Cucumber

   h.   Schmidt's Clean Powder

   i.   Schmidt's Clean Coconut

7.      All of the Products listed in Paragraph No 6. above are substantially similar because all of the products are under arm deodorant sticks, all of the products function the same way to

2

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

achieve the same benefits, the challenged ingredients of each product is shared among all of the products, and all Products contain the same false "Natural" labeling.

8.     On June 6, 2022, Plaintiff purchased a Product from a Jewel Osco located at 1202 State Street, Lemont, IL 60439.

9.     Jojoba Esters is a complex mixture of esters produced by the transesterification/interesterification of Simmondsia Chinensis (Jojoba) Oil, Hydrogenated Jojoba Oil, or a mixture of the two. [1]

10.     Transesterification is defined as the chemical conversion process of triglycerides with alcohol into alkyl esters with the help of a catalyst.[2] Transesterification is not a natural process.

11.     Hydrogenation is a process by which unsaturated fatty acids in vegetable oil are converted to saturated fatty acids. [3]

12.     During the hydrogenation process unsaturated double bonds in the fatty acids of vegetable oils react with hydrogen atoms in the presence of a metal catalyst, typically nickel catalysts are used in commercial hydrogenation of edible oils. [4]

///

///

///

///

---

[1] Information about jojoba esters found at   https://www.ewg.org/skindeep/ingredients/703268-SIMMONDSIA_CHINENSIS_JOJOBA_ESTERS/

[2]

[3]     Monoj    K   Gupta,    Practical    Guide    To    Vegetable    Oil    Processing, https://www.sciencedirect.com/book/9781630670504/practical-guide-to-vegetable-oil-processing

[4]     Monoj    K    Gupta,    Practical    Guide    To    Vegetable    Oil    Processing https://www.sciencedirect.com/book/9781630670504/practical-guide-to-vegetable-oil-processing

3

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

13.     The following diagram depicts the hydrogenation process: [5]



14.     As shown above in paragraphs 11 through 13, hydrogenation is not a natural process.

15.     Therefore, Jojoba Esters are synthetic ingredients.

16.     The following are examples of the Products' fraudulent labeling:



---

[5]     Catalytic         Hydrogenation         of         Alkenes,
https://chem.libretexts.org/Bookshelves/Organic_Chemistry/Supplemental_Modules_(Organic_
Chemistry)/Alkenes/Reactivity_of_Alkenes/Catalytic_Hydrogenation

FILED DATE: 9/15/2022 11:36 AM    2022CH09136






FILED DATE: 9/15/2022 11:36 AM   2022CH09136





17.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

18.     Plaintiff, like any reasonable consumer, understands that natural products do not contain synthetic ingredients.

19.     By making false and misleading claims about the Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

FILED DATE: 9/15/2022 11:36 AM  2022CH09136

20.     Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about his consumer products as required by law.

21.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would be natural.

22.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for a premium natural Product, but instead received a non-premium Product with artificial ingredients.

23.     Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products were natural.

24.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as natural when they are not, Plaintiff could not have known that the Product was not natural.

25.     Plaintiff was unaware that the Product contained artificial ingredients when he purchased it.

26.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they use on their skin.

27.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as natural was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased were not natural unless Defendant expressly told them.

28.     On information and belief, Defendant employs professional chemists to create the chemical formulas of Defendant's Products. Therefore, Defendant through its employees knew or

should have known that Jojoba Esters are not natural, and that by adding Jojoba Esters to its Products they would not be natural.

29.     On information and belief, Defendant did know that Products were not natural but chose to label the Products as natural because it did not believe its customers were well educated enough to know the difference.

30.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

      a.      Lost money;

      b.      Wasting Plaintiff's time; and

      c.      Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

32.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

33.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

a. Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b. There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

  i. Whether Defendant disseminated false and misleading information by claiming the Products were natural when they were not;

  ii. Whether the Class and Sub-Class members were informed that the Products were not natural;

  iii. Whether the Products were natural;

  iv. Whether Defendant's conduct was unfair and deceptive;

  v. Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

  vii. Whether there should be a tolling of the statute of limitations; and

  viii. Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c. Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

d.  Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.  Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.  This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.  This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy, Defendant will continue to benefit financially from such conduct.

h.  Defendant has acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

34.     Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35.     The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

### COUNT I
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

36.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 35 above as if fully reiterated herein.

37.     Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

38.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

39.     815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

40.     Through its representation that the Products were natural, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

FILED DATE: 9/15/2022 11:36 AM    2022CH09136

41.     815 ILCS 505/10a states:

(a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

(c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

42.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

43.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

44.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.     An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.     An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

12

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

c.      An order requiring Defendant, at its own cost, to notify all members of the

Class and the Sub-Class of the unlawful, unfair, deceptive, and

unconscionable conduct herein;

d.      Judgment against Defendant in an amount to be determined at trial;

e.      An order for injunctive relief prohibiting such conduct by Defendant in the

future;

f.      Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and

other litigation costs; and

g.      Any other relief deemed just and proper by this Court.

<u>**COUNT II**</u>
<u>**COMMON LAW FRAUD**</u>

45.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1

through 35 above as if fully reiterated herein.

46.     Through its false statements that the Products were natural, Defendant made false

statements of material fact.

47.     At the time Defendant made its statements to Plaintiff that the Products were

natural, it knew, or reasonably should have known, that the statements described above were false.

48.     At the time Defendant made the statements to Plaintiff, Defendant intended to

induce Plaintiff to purchase the Products.

49.     Plaintiff relied upon the truth of the statements described above and purchased the

Product, only to find that the Product he purchased was not natural.

50.     As a result of their reasonable reliance upon Defendant's false statements of

material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have

FILED DATE: 9/15/2022 11:36 AM    2022CH09136

suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

    a.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

    b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

    c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

    d.   Judgment against Defendant in an amount to be determined at trial;

    e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

    f.   Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

    g.   Any other relief deemed just and proper by this Court.

## COUNT III
## UNJUST ENRICHMENT

51.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 35 above as if fully reiterated herein.

52.    Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

53.    Defendant has been unjustly enriched by retaining the revenues derived from

14

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

Plaintiff's purchase of the Products based on the false statements that the Products were natural.

54. Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products were not natural.

55. Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

h. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

i. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k. Judgment against Defendant in an amount to be determined at trial;

l. An order for injunctive relief prohibiting such conduct by Defendant in the future;

m. Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n. Any other relief deemed just and proper by this Court.

FILED DATE: 9/15/2022 11:36 AM   2022CH09136

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

MICHAEL DALY

_____
Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

16

1/6/2022 11:40 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00114
Calendar, 3

FILED DATE: 1/6/2022 11:40 AM 2022CH00114

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION**

| | |
|---|---|
| MICHAEL DALY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2022CH00114 |
| v. | **CLASS ACTION COMPLAINT** |
| PURITY COSMETICS INC. d/b/a 100% PURE | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, MICHAEL DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant, PURITY COSMETICS, INC., ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its cosmetics as natural when they are not. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

## PARTIES

2.      Plaintiff is an individual who was at all relevant times residing in Lemont, Illinois.

3.      Defendant is a California corporation, whose principal place of business is located in San Jose, California.

4.      At all times relevant hereto, Defendant was engaged in the marketing, manufacturing, and sale of cosmetics.

## FACTS COMMON TO ALL COUNTS

5.      Defendant manufactures, advertises, markets, sells, and distributes cosmetics throughout the United States under the brand name 100% Pure.

6.      During the Class Period Defendant sold the following cosmetics (the "Products") labeled, marketed, and advertised as natural when they contained synthetic Vitamin C:

   a.   Vitamin C Serum: Magnesium Ascorbyl Phosphate

   b.   Vitamin C Boost: sodium ascorbate, ascorbic acid, calcium ascorbate

   c.   Vitamin C Mask: sodium ascorbate, calcium ascorbate

   d.   Coffee Bean Caffeine Eye Cream: sodium ascorbate

   e.   Brightening Serum: sodium ascorbate

   f.   Multi-Vitamin + Antioxidants PM facial Oil: tetrahexyldecyl ascorbate

   g.   Multi-Vitamin + Antioxidants PM eye treatment: tetrahexyldecyl ascorbate

7.      Each of the forgoing Products listed in Paragraph No. 6 above is substantially similar because each Product claims to be natural including natural Vitamin C, yet each Product contains some form of synthetic Vitamin C. Therefore, each Product damages consumers in an identical way by sharing the same fraudulent mislabeling for the same violation of the law.

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

8.      On August 29, 2021, Plaintiff purchased a Vitamin C Serum labeled, marketed, and sold with misleading statements that the Product was natural, from Defendant's Woodfield Mall location.

9.      When purchasing the Vitamin C Serum Product Plaintiff made his purchasing decision because of the labeling on the Product that read "natural" and the image of a citrus fruit.

10.     Each of the Products contains labeling on the face of the packaging stating the Products are natural.

11.     Congress defined the term "synthetic" as "a substances that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring [sources]…" 7 U.S.C. § 6502 (21).

12.     In 2016, the United States Department of Agriculture released a guidance decision tree for classification of materials as synthetic or non-synthetic. Attached hereto as Exhibit A.

13.     The Decision Tree appears as follows:



FILED DATE: 1/6/2022 11:40 AM   2022CH00114

14.     Ascobic acid (Vitamin C) can exist in two enantiomers, both a synthetic D-ascorbic acid and a natural L ascorbic acid.

15.     The natural form of vitamin c, L-ascorbic acid, is typically created by an industrial fermentation process.[1]

16.     The images below depict the chemical structure of L-ascorbic acid and D-ascorbic acid:



L-Ascorbic acid                    D-Ascorbic acid

17.     The Products' vitamin c ingredients listed in Paragraph No. 6 above are synthetic.

18.     The following images depict the chemical structures of the Products' synthetic vitamin c ingredients:

Magnesium Ascorbyl Phosphate



Sodium Ascorbate



---

[1] Chemical information found at: https://ods.od.nih.gov/factsheets/VitaminC-HealthProfessional/

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

Calcium Ascorbate

Ascorbyl Palmitate

Tetrahexyldecyl ascorbate

19.    As demonstrated in Paragraphs No. 14 through 18 above, the process of creating the Products' vitamin c ingredients chemically changes the natural L-ascorbic acid to be chemically and structurally different than how it naturally occurs.

///

///

///

///

///

///

///

5

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

20.    Defendant offers its own definition of the term natural on its website:[2]

## How We Define Natural:

An ingredient or formula composed of plant, mineral, and/or marine vegetation that undergoes chemical changes due to biological processes such as fermentation, distillation, and cold processing

21.    By Defendant's own definition the Vitamin C ingredients listed in Paragraph No. 6 above are not natural.

22.    The following photos contain examples of the Products' labeling:





---

[2] Image taken from https://www.100percentpure.com/pages/about-us

FILED DATE: 1/6/2022 11:40 AM   2022CH00114









FILED DATE: 1/6/2022 11:40 AM   2022CH00114



23.    Plaintiff, like any reasonable consumer, expects that his Vitamin C Products will not contain synthetic Vitamin C if the Products are labeled as natural.

24.    Plaintiff is interested in purchasing the Products again in the future, and as a result he will be harmed if Defendant is not forced to correct the fraudulent labeling or remove the synthetic vitamin c.

25.    Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the natural content of the Products.

26.    By making false and misleading claims about the natural content of its Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

27.    Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about his consumer products as required by law.

28.    As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would be natural.

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

29.     Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products were natural.

30.     Plaintiff would not have been able to understand that the Products he purchased were not natural unless Defendant expressly told him.

31.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as natural when they are not, Plaintiff could not have known that the Products are not natural.

32.     Plaintiff was unaware that the Products were not natural when he purchased them.

33.     Plaintiff and the Class were deceived into paying money for Products that did not provide them with the benefit of the bargain they paid Defendant money for, namely that they would receive natural Products.

34.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they use on their bodies.

35.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as natural was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products were not natural unless Defendant expressly told them.

36.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.     Lost money;

    b.     Wasting Plaintiff's time; and

    c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

**CLASS ALLEGATIONS**

37.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

38.     Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

39.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

    a.     Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

    b.     There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

        i.     Whether Defendant disseminated false and misleading information by claiming the Products were natural when they were not;

10

FILED DATE: 1/6/2022 11:40 AM    2022CH00114

ii.     Whether the Class and Sub-Class members were informed that the Products were not natural;

iii.    Whether the Products were natural;

iv.     Whether Defendant's conduct was unfair and deceptive;

v.      Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

vii.    Whether there should be a tolling of the statute of limitations; and

viii.   Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.  Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.  Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.  Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.  This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.  This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication

11

FILED DATE: 1/6/2022 11:40 AM    2022CH00114

of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.    Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

40.    Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

41.    The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***

42.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 41 above as if fully reiterated herein.

43.    Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

44.    Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

FILED DATE: 1/6/2022 11:40 AM 2022CH00114

45.     815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

46.     Through its representation that the Products were natural, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

47.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

48.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

49.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

50.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.      An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.      An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.      An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.      Judgment against Defendant in an amount to be determined at trial;

e.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.      Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.      Any other relief deemed just and proper by this Court.

## **COUNT II**
## **COMMON LAW FRAUD**

51.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 41 above as if fully reiterated herein.

52.     Through its false statements that the Products were natural, Defendant made false

14

statements of material fact.

53. At the time Defendant made its statements to Plaintiff that the Products were natural, it knew, or reasonably should have known, that the statements described above were false.

54. At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

55. Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Product he purchased is not natural.

56. As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

h.    An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

i.    An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j.    An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k.    Judgment against Defendant in an amount to be determined at trial;

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

l.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

m.     Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n.      Any other relief deemed just and proper by this Court.

**COUNT III**
**UNJUST ENRICHMENT**

57.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 41 above as if fully reiterated herein.

58.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

59.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products were natural.

60.     Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products were not natural .

61.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

o.      An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

FILED DATE: 1/6/2022 11:40 AM   2022CH00114

p.      An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

q.      An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

r.      Judgment against Defendant in an amount to be determined at trial;

s.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

t.      Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

u.      Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

MICHAEL DALY

_____
Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0875

17

FILED DATE: 9/23/2021 2:30 PM  2021CH04869

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

MICHAEL DALY, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

SNACK IT FORWARD, LLC d/b/a
PEATOS

     Defendant.

Case No.  2021CH04869

**CLASS ACTION
COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, MICHAEL DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant, SNACK IT FORWARD, LLC., ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq*., common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its products as containing more protein than the products actually contain. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

## PARTIES

2.      Plaintiff is an individual who was at all relevant times residing in Lemont, Illinois.

3.      Defendant is a Delaware corporation, whose principal place of business is located in Los Angeles, California.

4.      At all times relevant hereto, Defendant was engaged in the marketing, manufacturing, and sale of snack food.

## FACTS COMMON TO ALL COUNTS

5.      Defendant manufactures, advertises, markets, sells, and distributes snack food throughout the United States under the brand name Peatos.

6.      During the Class Period Defendant sold the following snack foods (the "Products") labeled, marketed, and advertised as containing more protein than they actually contained:

    a)  PeaTos Crunchy Curls: Classic Cheese

    b)  PeaTos Crunchy Curls: Zesty Ranch

    c)  PeaTos Crunchy Curls: Fiery Hot

    d)  PeaTos Crunchy Rings: Fiery Onion

    e)  PeaTos Crunchy Rings: Classic Onion

7.      There are two classes of nutrients defined for purposes of compliance with 21 C.F.R. § 101.9. Class I nutrients are defined as added nutrients in fortified or fabricated foods, and Class II nutrients are defined as naturally occurring nutrients. 21 C.F.R. § 101.9(g)(3)(i)(ii).

8.      When a vitamin, mineral, protein, or dietary fiber meets the definition of a Class I nutrient, the nutrient content of the composite must be formulated to be at least equal to the value of the nutrient declared on the label. 21 C.F.R. § 101.9(g)(4)(i).

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

9.      Compliance with 21 C.F.R. § 101.9 is determined by a nutrient analysis consisting of a composite of 12 subsamples (consumer units), taken 1 from each of 12 different randomly chosen shipping cases, to be representative of a lot.

10.      On June 10, 2021, Plaintiff purchased a Peatos Party Mix Variety Pack labeled, marketed, and sold with misleading statements that the Products contained four grams of protein per serving, from Defendant's website while at his home in Lemont, Illinois.

11.      Defendant advertises the Products prominently displaying the protein content to entice consumers to purchase the Products.

12.      For example, Defendant's website contains the following advertisement:

**"Junk Food" without the Junk!**

**Holy Chip! More Protein. More Fiber. More Fun!** [1]

13.      The following photos contain examples of the Products' labeling:



---
[1] https://peatos.com/

3

FILED DATE: 9/23/2021 2:30 PM   2021CH04869









FILED DATE: 9/23/2021 2:30 PM    2021CH04869







14.    Plaintiff viewed Defendant's advertisements and labels stating the Products contained four grams of protein per serving when deciding to purchase the Products. Plaintiff made his purchase based on his review of those advertisements and labels.

15.    Plaintiff, like any reasonable consumer, understands the importance of high nutrient content in his food, including high protein content.

FILED DATE: 9/23/2021 2:30 PM    2021CH04869

16.    Accurate nutrient content labeling is material to reasonable consumers, including Plaintiff.

17.    After consuming some of the Products, Plaintiff noticed that the Classic Onion and Fiery Onion Products labels contained inconsistent Protein Content between the front and back labels and the nutrition facts, which did not match.

18.    The following photos depict the inconsistent labeling on the Classic Onion and Fiery Onion Products:










FILED DATE: 9/23/2021 2:30 PM   2021CH04869

19.     Upon investigation performed by Plaintiff's counsel, a nutrient analysis consisting of a composite of 12 subsamples (consumer units), taken 1 from each of 12 different randomly chosen shipping cases was performed on each of the Products.

20.     The bar graphs in Paragraph No. 21 below display each of the 12 different samples of each Product on the x-axis and the total amount of grams of protein per serving on the y-axis.

21.     As a result of Plaintiff's counsel's investigation the following data was produced:





FILED DATE: 9/23/2021 2:30 PM   2021CH04869





FILED DATE: 9/23/2021 2:30 PM   2021CH04869



22.　　The following table represents the final averages and associated error for the grams of protein in each Product:

| Product name | Average Protein Amount (g) per serving |
| --- | --- |
| Classic Onion | 0.9±0.2 |
| Fiery Onion | 1.1±0.3 |
| Zesty Ranch | 1.6±0.4 |
| Classic Cheese | 2.6±0.5 |
| Fiery Hot | 1.4±0.3 |

23.　　Each of the above bar graphs contain the raw data points from each sample of each Product tested. The table contains the averages calculated from the raw data points from each sample including a correction factor that accounts for the error of the method used. Therefore, the average protein amount displayed in Paragraph No. 20 above consist of a range of possible values.

24.　　The Products are fabricated products that have been fortified using added pea protein, therefore the protein content of the Products is classified as a Class I Nutrient.

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

25.    As a result, the protein content of the Products must be at least equal to the Products' advertised protein content. As shown in Paragraph No. 22 above, the Products' protein content is below the advertised protein content.

26.    Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the nutrient content of the Products.

27.    By making false and misleading claims about the nutrient content of its Products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

28.    Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about his consumer products as required by law.

29.    As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products contained four grams of protein per serving.

30.    As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for premium nutrient content, but instead received non-premium nutrient content.

31.    Specifically, Plaintiff paid $24.99 for his Peatos variety pack, meanwhile similar non-premium snack food variety packs sell approximately for half that price, or $11.59.[2]

32.    Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products contained high protein nutrient content.

33.    Plaintiff would not have been able to understand that the Products he purchased did not contain the advertised nutrient content without performing nutrient analysis.

---

[2] Referenced price found at: https://www.boxed.com/product/2505/frito-lay-classic-mix-28-ct-variety-pack?pf=3&gid=2505&utm_source=google&utm_medium=cpc&utm_campaign=Google%7CShopping%7CUS%7CCNB%7CSnacks%7CDT&utm_purpose=acquisition&utm_experiment=none&utm_ad_id=506484243988&utm_term=&cmp=12549215701&dev=c&gclid=Cj0KCQjws4aKBhDPARIsAIWH0JURlik4ddIQSocYe2-mvKoW1fKB7WqX08hWbB3UNfsO4-hYy4NcIqYaAmazEALw_wcB

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

34.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as containing four grams of protein when they do not, Plaintiff could not have known that the Products do not contain four grams of protein per serving.

35.     Plaintiff was unaware that the Products did not contain four grams of protein per serving when he purchased them.

36.     Plaintiff and the Class were deceived into paying money for Products that did not provide them with the benefit of the bargain they paid Defendant money for, namely that they would receive four grams of protein per serving of Product.

37.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

38.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as containing four grams of protein per serving was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased did not contain four grams of protein per serving unless Defendant expressly told them.

39.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

      a.      Lost money;

      b.      Wasting Plaintiff's time; and

      c.      Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

## CLASS ALLEGATIONS

40.    Plaintiff brings this action on behalf of himself and all others similarly situated, as

a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products
> within five years prior to the filing of the Complaint through the date
> of class certification.

41.    Plaintiff also brings this action on behalf of himself and all others similarly situated,

as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products
> within five years prior to the filing of the Complaint through the date
> of class certification.

42.    The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

Civil Procedure for maintaining a class action, specifically:

   a.    Upon information and belief, the Class and the Sub-Class are so numerous

   that joinder of all members is impracticable. On information and belief there

   are hundreds, if not thousands of individuals in the United States and the

   State of Illinois who purchased the products within the applicable statute of

   limitations period.

   b.    There are questions of fact and/or law which are common to the Class and

   the Sub-Class, and which predominate over questions affecting any

   individual Class or Sub-Class members. These common questions of fact

   and law include, but are not limited to:

      i.    Whether Defendant disseminated false and misleading information

      by claiming the Products contained four grams of protein per serving

      when they did not;

12

FILED DATE: 9/23/2021 2:30 PM    2021CH04869

    ii.    Whether the Class and Sub-Class members were informed that the Products did not contain four grams of protein per serving;

    iii.    Whether the Products contained four grams of protein per serving;

    iv.    Whether Defendant's conduct was unfair and deceptive;

    v.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    vii.    Whether there should be a tolling of the statute of limitations; and

    viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication

13

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.      Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

43.     Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

44.     The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

**COUNT I**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.***

45.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 44 above as if fully reiterated herein.

46.     Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

47.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

14

FILED DATE: 9/23/2021 2:30 PM    2021CH04869

48.     815 ILCS 505/2 states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

49.     Through its representation that the Products contained four grams of protein per serving, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

50.     815 ILCS 505/10a states:

(a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

(c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

51.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

52.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

FILED DATE: 9/23/2021 2:30 PM   2021CH04869

53.      By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

**COUNT II**
**COMMON LAW FRAUD**

54.      Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 44 above as if fully reiterated herein.

55.      Through its false statements that the Products contained four grams of protein per serving, Defendant made false statements of material fact.

56.      At the time Defendant made its statements to Plaintiff that the Products contained four grams of protein per serving, it knew, or reasonably should have known, that the statements described above were false.

57.      At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

58.      Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Product he purchased did not contain four grams of protein per serving.

59.      As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

FILED DATE: 9/23/2021 2:30 PM    2021CH04869

## COUNT III
## UNJUST ENRICHMENT

60.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 44 above as if fully reiterated herein.

61.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

62.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contained four grams of protein per serving.

63.     Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products did not contain four grams of protein per serving.

64.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.     An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.     An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

17

FILED DATE: 9/23/2021 2:30 PM    2021CH04869

c.      An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.      Judgment against Defendant in an amount to be determined at trial;

e.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.      Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.      Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

MICHAEL DALY

_____
Attorney for Plaintiff
Cook County Attorney No. 57093
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

18